UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO: 3:09-CV-00555-MCR-MD

OCEAN MEXICANA S.A. de CV.,

    Plaintiff,

vs.

GULMAR OFFSHORE MIDDLE EAST LLC.,

    Defendant.
_____/

## GULMAR'S RESPONSE TO BLUE MARINE SHIPPING'S CORRECTED MOTION TO DISMISS COUNTERCLAIM AGAINST OCEAN MEXICANA

COMES NOW, Counter Defendant GULMAR OFFSHORE MIDDEL EAST LLC., ("GULMAR") by and through its undersigned attorneys and files this, its Response to BLUE MARINE SHIPPING S.A. de C.V.'s ("BLUE MARINE SHIPPING") Corrected Motion to Dismiss GULMAR's Counterclaim against OCEAN MEXICANA S.A. de C.V. ("OCEAN MEXICANA") (Doc. 31), as follows:

As set forth in GULMAR's Motion to Dismiss the Amended Verified Complaint (Doc. 39), incorporated herein by reference, BLUE MARINE SHIPPING is not a proper party to this proceeding, and therefore lacks the capacity to move the Court for dismissal of Counterclaims asserted against OCEAN MEXICANA. The Motion to Dismiss should accordingly be denied, or in the alternative stricken pursuant to Fed. R. Civ. P. 12(f) as immaterial, impertinent matter improperly before the Court.

In an abundance of caution, to the extent the Court determines that BLUE MARINE SHIPPING is: a) properly before it as party Plaintiff; and b) may seek

dismissal of counterclaims against OCEAN MEXICANA, GULMAR submits that the Motion to Dismiss is without legal merit and accordingly should be denied.

## THE COUNTERCLAIM IS NOT RENDERED MOOT BY BLUEMARINE'S ATTEMPTED SUBSTITUTION FOR OCEAN MEXICANA AS PARTY PLAINTIFF

The wrongful attachment and abuse of process counterclaims against OCEAN MEXICANA are not rendered moot by BLUE MARINE SHIPPING's attempted replacement of OCEAN MEXICANA as Plaintiff, as BLUE MARINE SHIPPING contends. The basis for the Counterclaims is not simply that the case was not brought by the real party in interest, but rather because OCEAN MEXICANA acted in bad faith, with malice, and wanton disregard for the rights of GULMAR when it obtained the order attaching GULMAR's property, knowing full well that it was not a party to the Charter agreement and misleading the Court into believing that it was.[1] Rather than promptly correcting the pleadings when challenged by GULMAR, OCEAN MEXICANA forced GULMAR to defend itself and incur significant legal expense in the process, yet now seeks to escape the repercussions of its wrongful conduct through improper procedural maneuvering.

The maritime attachment of GULMAR's property was improperly and unfairly obtained by OCEAN MEXICANA, and runs counter to principals of fundamental fairness. The inconvenience and significant financial injury that the defendant has experienced as a result of OCEAN MEXICANA's abuse of the attachment remedy should not be permitted. If the Counterclaims for wrongful attachment and abuse of process are dismissed, GULMAR will be left without a remedy as these well founded claims will effectively be barred.

---

[1] See, paragraph 2 (a-r) of GULMAR's Claim of Owner against Attached Property, Doc. 15.

## SAME TRANSACTION OR OCCURANCE

BLUE MARINE SHIPPING furthermore errs in asserting that the Counterclaim is not compulsory because it does not arise out of the same transaction or occurrence as the subject matter of the Complaint. In the maritime context, the "same transaction or occurrence" requirement is met where the counterclaim arises from the same contract or voyage as the original claim. See, e.g., Rosemary v. Jaldhi Overseas Pte Ltd., 531 F.Supp.2d 586, 589 (S.D.N.Y.2008). "The test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are 'so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.' " Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir.1991) (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir.1980) (quotation marks and citations omitted)).

Courts in admiralty have always permitted cross-libel for wrongful arrest where the libelant had maliciously prosecuted libel, and the case law cited by BLUE MARINE SHIPPING, including Incas and Monterey Printing and Packaging, Ltd. v. M/V Sang Jin, 747 F.2d 958 (5th Cir. 1984) and Amerada Hess Corp. v. S.S. Athena 1984 A.M.C. 130 (D.Md.1983) do not preclude the wrongful attachment counterclaims asserted against OCEAN MEXICANA under the circumstances presented here. Indeed, the 5th Circuit in Incas did not find that the counterclaim for wrongful arrest at issue in that case should have been dismissed, rather it merely found that under the circumstances presented there was no basis for requiring *countersecurity* for the wrongful arrest counterclaim because the counterclaim did not arise out of the same transaction or occurrence as the breach alleged in the Complaint.

The Incas decision did not address the sustainability of a counterclaim after a unilateral substitution of the Plaintiff pursuant to Rules 15 and 17(a), nor did it hold that that a wrongful arrest counterclaim is not properly before the court where, as here, the interpretation of the same Charter agreement lies at the heart of both claims. The interpretation of the Incas ruling in State Bank & Trust Co. of Golden Meadow v. Boat D.J. Griffin, 731 F.Supp. 770 (E.D.La., 1990), which follows, is instructive:

> "It is apparent that the Incas court viewed the wrongful seizure counterclaim as retaliatory. Claims of commercial losses and loss to business reputation, allegedly resulting from the seizure of the vessel, did not involve the same aggregate of operative facts as the plaintiffs' claim for breach of the contract of carriage. The claim and the counterclaim were not logically related; therefore, the wrongful seizure counterclaim was not compulsory."

In the instant matter, as in Boat D.J. Griffin, the retaliatory nature of the counterclaim is not present. Both the suit on the Charter agreement and the wrongful seizure counterclaim involve the same aggregate of operative facts. The transaction or occurrence is the February 17, 2008 Charter agreement. The claim and the counterclaim are logically related because they both involve questions of OCEAN MEXICANA's authority to enforce the terms of the Charter agreement. Therefore, under the "logical relationship" test set forth in Incas, GULMAR's counterclaim for wrongful attachment and abuse of process is properly before the Court. State Bank & Trust Co. of Golden Meadow v. Boat D.J. Griffin, 731 F.Supp. 770 (E.D.La., 1990).

### RESTRICTED APPEARANCE

BLUE MARINE SHIPPING correctly states that GULMAR has entered a restricted appearance pursuant to Supplemental Rule E(8) to defend itself against the wrongful attachment of its property and abuse of process by OCEAN MEXICANA. A

defendant or owner entering a restricted appearance to a quasi in rem attachment proceeding is entitled to vigorously defend the merits of the claim against him without converting his restricted appearance into a general appearance. Teyseer Cement Co. v. Halla Maritime Corp. 794 F.2d 472 (9th Cir. 1986).

A restricted appearance by the Defendant under Fed. R. Civ. P. E(8) is not a basis for dismissal of a counterclaim, nor does the assertion of a counterclaim constitute a waiver of the restricted appearance. See, Teyseer Cement Co. v. Halla Maritime Corp. 794 F.2d 472 (9th Cir. 1986) (Assertion of counterclaim by Defendant in quasi in rem admiralty action who expressly entered permitted "restricted appearance," did not result in waiver of objection to in personam jurisdiction); Pacific Leader Shipping Ltd. v. Daebo Shipping Co., 2009 WL 5101766 (S.D.N.Y., 2009) (no basis for personal jurisdiction where defendant filed an answer and counterclaim against plaintiff, explicitly noting that its appearance was restricted pursuant to Supplemental Rule for Certain Admiralty and Maritime Claims E(8)).

In Teyseer Cement, the Court determined that by making a restricted appearance under Rule E(8), the defendant had indicated that it did not consent to personal jurisdiction, and the assertion of a counterclaim had no effect on that jurisdictional objection, regardless of whether that counterclaim was permissive or compulsory.

The cases cited by BLUE MARINE SHIPPING are not to the contrary – none of those cases held that a counterclaim filed by a Defendant appearing pursuant to Rule E(8) must be dismissed as a matter of law or that the restricted appearance is waived by the assertion of a counterclaim.

WHEREFORE, for the above stated reasons, Counterclaimant GULMAR OFFSHORE MIDDEL EAST LLC. respectfully urges this honorable Court to deny BLUE MARINE SHIPPING S.A. de C.V.'s Motion to Dismiss Counterclaim.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _22_ day of _February_, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: **Jules V. Massee, Esq., Robert B. Birthisel, Esq**, HAMILTON, MILLER & BIRTHISEL LLP.100 S. Ashley Drive Suite #1210, Tampa, Florida 33602, **Bill O'Dell**, National Maritime Services, Jackson Marine Center 1915 S.W. 21st Avenue, Fort Lauderdale, Florida 33312, and **W. David Jester, Esq. Michael Grimley, Esq.** GALLOWAY JOHNSON TOMPKLINS BURR & SMITH P.L.C. 118 E. Garden Street, Pensacola, Florida 32502, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                               BLANCK & COOPER, P.A.
                                               5730 S.W. 74th Street, Suite #700
                                               Miami, Florida 33143
                                               Phone: (305) 663-0177
                                               Facsimile: (305) 663-0146

                         BY:_____//S// *Jonathan S. Cooper, Esq.*_____
                                               Jonathan S. Cooper, Esquire
                                               Florida Bar Number: 99376
                                               Email: jcooper@shiplawusa.com
                                               Attorney for Defendant Gulmar

7236/ResponseMTDCounterclaim